## James G. Gillespie, Plff. in Err., *v.* D. B. Campbell et al.

The refusal of a court to open a judgment can be brought up for review by appeal only.

Under act of April 1, 1874, § 1, judgment cannot be reversed for error therein, after lapse of two years from its entry of record; the fact that some proceedings were commenced in the court below within the two years does not extend or enlarge the time.

(Decided October 26, 1885.)

Error to the Common Pleas of Armstrong County to review a judgment for plaintiff. Affirmed.

This was an action of covenant by Campbell and Frank Murphy against Gillespie. July 28, 1883, judgment was entered on failure of Gillespie to defend. July 23, 1884, fi. fa. was issued. August 21, 1884, petition was presented to a judge at chambers; whereupon fi. fa. was stayed until the following May term. September 1, 1884, a rule was granted to show cause why judgment should not be opened or stricken off. This rule was discharged July 7, 1885, and August 28, 1885,

---

Note.—By the act of May 9, 1889 (P. L. 153), all appellate proceedings are to be instituted by appeal. But the case is considered in the appellate court as if it were on writ of error or certiorari, where such would have been used prior to the act. It is merely a change of name. Rand v. King, 134 Pa. 641, 19 Atl. 806; Christner v. John, 171 Pa. 527, 33 Atl. 107.

The time for taking appeals to the superior or supreme courts has been limited to six months from the entry of the decree or judgment by the act of May 19, 1897 (P. L. 67, § 4). An appeal from the superior to the supreme court must be perfected within three months.

The statutory requirement must be complied with, and an appeal taken at a date later than that fixed will be quashed. Pennsylvania Cent. Ins. Co. v. Gaus, 91 Pa. 103; Weil v. Frauenthal, 103 Pa. 317; Re Road, 130 Pa. 190, 18 Atl. 600; Re Wilkinsburg, 131 Pa. 365, 20 Atl. 381; Blockley & M. Turnp. Pl. Road Co.'s Petition, 140 Pa. 177, 21 Atl. 257. The fact that a motion is subsequently made to open the judgment will not alter the rule, as we see in GILLESPIE v. CAMPBELL. A like determination is found in Clarion, M. & P. R. Co. v. Hamilton, 127 Pa. 1, 17 Atl. 752.

this writ of error was taken, plaintiff assigning as error: (1)
The refusal of the court to strike off the judgment; (2) the
record of judgment showing no cause of action, and a noncom-
pliance with rules of court allowing plaintiff to take judgment.

J. H. McCain and David Barclay, for plaintiff in error.—
Where, by the record, there appears no ground for a lawful judg-
ment, this court will reverse, although there be no affidavit of
defense. Com. use of Dauphin County v. Hoffman, 74 Pa. 105;
Eshelman v. Thompson, 62 Pa. 495; Dewart v. Masser, 40 Pa.
302; Swift v. Allegheny Bldg. & L. Asso. 82 Pa. 142; Gott-
man v. Shoemaker, 86 Pa. 31.

W. H. H. Riddle and Buffington & Buffington, for de-
fendants in error.—For want of an affidavit of defense, judg-
ment was entered July 28, 1883; the writ of error was taken
August 28, 1885; the act of 1874 allows two years for writs;
therefore the writ must fall.

To the refusal of the court to open the judgment, and its de-
cree of July 7, 1885, being matters of discretion, no writ of
error lies. Compher v. Anawalt, 2 Watts, 490; Nice v. Bow-
man, 6 Watts, 26; Kalbach v. Fisher, 1 Rawle, 323; Henry v.
Brothers, 48 Pa. 70; Lamb's Appeal, 89 Pa. 409.

Per Curiam:

The refusal of the court to open a judgment can be brought
before us for review, by appeal only. This case is brought on
writ of error. It did not, however, issue until more than two
years after the judgment sought to be reversed on this writ had
been entered of record. Section 1 of the act of April 1, 1874,
makes that time a bar to our right to reverse the judgment for
any error therein. The fact that some proceedings were com-
menced in the court below within the two years does not extend
or enlarge the time in which the writ of error must be issued
to enable us to reverse the original judgment.

Writ quashed.